**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

FILED/REC'D
2025 SEP 22 A 10: 55
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

**Kyle P. Corrigan, individually and pro se,**
and
**Bright Line Investigations LLC, by counsel Andrew Gile,**
Plaintiffs,

v.

**25 CV 791 JDP**

**Connor Monk,** in his individual and official capacity as a Deputy of the Lincoln County Sheriff's Office;
**Zachary Irish,** in his individual and official capacity as a Deputy of the Lincoln County Sheriff's Office;
**Kyla Brunett,** in her individual and official capacity as a Dispatcher for the Lincoln County Sheriff's Office;
**Tyler Iverson,** in his individual and official capacity as Chief Deputy of the Lincoln County Sheriff's Office;
**Ken Schneider,** in his individual and official capacity as Sheriff of Lincoln County;
**Lincoln County, Wisconsin,**
Defendants.

Case No.: _____

## COMPLAINT

Plaintiffs, Kyle P. Corrigan, individually and pro se, and Bright Line Investigations LLC, by counsel Andrew Gile, bring this civil rights action under 42 U.S.C. §§ 1983, 1985, and 1981, and allege as follows:

## PARTIES

1. Plaintiff **Kyle P. Corrigan** is an adult resident of Stevens Point, Wisconsin, and the Chief Investigator of Bright Line Investigations LLC. Corrigan appears pro se in his individual capacity.

2. Plaintiff **Bright Line Investigations LLC** is a Wisconsin-licensed private detective agency headquartered in Stevens Point, Wisconsin, represented herein by counsel **Andrew Gile.**

3. Defendant **Connor Monk** is a Deputy with the Lincoln County Sheriff's Office, sued in his individual and official capacities.

4. Defendant **Zachary Irish** is a Deputy with the Lincoln County Sheriff's Office, sued in his individual and official capacities. 

5. Defendant **Kyla Brunett** is a Dispatcher with the Lincoln County Sheriff's Office, sued in her individual and official capacities.

6. Defendant **Tyler Iverson** is the Chief Deputy of the Lincoln County Sheriff's Office, sued in his individual and official capacities.

7. Defendant **Ken Schneider** is the Sheriff of Lincoln County, sued in his individual and official capacities. 

8. Defendant **Lincoln County, Wisconsin** is a municipal entity organized under Wisconsin law and responsible for the policies, practices, supervision, training, and discipline of the Lincoln County Sheriff's Office.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

10. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this action occurred in Lincoln County, Wisconsin, within the Western District of Wisconsin.

## FACTUAL ALLEGATIONS

11. Corrigan is a licensed private detective and Chief Investigator of Bright Line Investigations LLC. At all times relevant, he was engaged in lawful investigative surveillance on behalf of clients.

12. On **July 17, 2025, at approximately 10:49 a.m.,** while performing lawful surveillance in Lincoln County, Corrigan was unlawfully detained and subjected to harassment and interference by Defendants.

13. **First Stop Without Cause.** Deputy Irish initiated a stop by activating his emergency lights. Corrigan declined to provide identification and asked if he was free to leave. Irish affirmed he was free to go and released him without identification or citation.

14. **Pretext Formed Between Stops.** After the release, Irish communicated with Deputy Monk. In response to Corrigan's refusal to identify himself, they conspired to justify a second stop by using "dark tint" as pretext.

15. **Second Stop by Monk.** Once Corrigan reentered the public roadway from the shoulder where the first stop occurred, Monk initiated a second stop in coordination with Irish. The stated purpose was to identify Corrigan, and the "dark tint" rationale was invoked only during this second detention.

16. **Exemption and Insurance Proved in Court.** Corrigan later proved his lawful tint exemption and valid insurance coverage in court by filing both with the Lincoln County Clerk on August 25, 2025, in connection with his Motion to Dismiss Deputy Monk's retaliatory citations (Exhibit 6). At the roadside, Corrigan could not access his digital insurance card, but coverage existed. Defendants nevertheless issued a citation for failure to provide insurance, demonstrating fabrication and bad faith.

17. **Clearly Established Law.** The constitutional prohibitions against suspicionless stops were clearly established long before July 17, 2025. In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court required specific and articulable facts for a detention. In *Brown v. Texas*, 443 U.S. 47 (1979), the Court held that stopping an individual without reasonable suspicion violates the Fourth Amendment. In *Delaware v. Prouse*, 440 U.S. 648 (1979), the Court struck down discretionary traffic stops absent articulable suspicion. The Seventh Circuit has consistently reaffirmed this, including *United States v. Wilbourn*, 799 F.3d 900 (7th Cir. 2015); *United States v. Johnson*, 170 F.3d 708 (7th Cir. 1999); *Jewett v. Anders*, 521 F.3d 818 (7th Cir. 2008); and *Rainsberger v. Benner*, 913 F.3d 640 (7th Cir. 2019). Wisconsin courts have likewise held that courtesy does not cure unlawfulness: *State v. Betow*, 226 Wis. 2d 90, 593 N.W.2d 499 (Ct. App. 1999); *State v. Griffith*, 2000 WI 72, 236 Wis. 2d 48, 613 N.W.2d 72.

18. **Whren Misapplied.** Defendants later invoked *Whren v. United States*, 517 U.S. 806 (1996), as justification for the second stop. *Whren* permits pretextual stops only when an actual violation exists. Here, no violation existed because Corrigan had a valid tint exemption and valid insurance, later proven in court. Defendants' reliance on *Whren* was manufactured after the fact and inapplicable.

19. **Video Admission of Pretext.** On video, Defendants admitted the second stop was conducted solely to identify Corrigan and explicitly cited *Whren*. This proves their stop was retaliatory, pretextual, and undertaken in bad faith to circumvent Corrigan's privacy rights after he asserted them.

20. Dispatcher **Brunett** disseminated false and stigmatizing information regarding Corrigan's presence and vehicle, compounding the retaliatory nature of law enforcement action.

21. Chief Deputy **Iverson** and Sheriff **Schneider** ratified, approved, and failed to correct these unlawful practices, and established or tolerated policies encouraging retaliatory enforcement against licensed investigators.

22. **False Officer-Safety Flag.** After Corrigan refused to allow deputies to test his window tint with a roadside device during the unlawful second stop, Defendants entered a false "resisting/obstructing" officer-safety warning into CAD/RMS. This flag ensures that any future traffic stop will treat Corrigan as hostile and dangerous, creating an ongoing risk of escalation. This constitutes retaliatory punishment for asserting rights and deliberate indifference by Lincoln County.

23. **Prior Pattern of Misconduct Involving Iverson.** On November 22, 2015, a citizen complaint was filed by Lacey Carlson after her dog was shot by a hunter. Dispatchers and Lt. Iverson handled the call. Instead of neutrally documenting the complaint, Iverson and dispatch gave legal advice to the complainant, attempted to dissuade her from pursuing it, and framed the shooting as lawful without proper investigation. Veterinary evidence contradicted the "self-defense" narrative, but Sheriff Jaeger issued a letter declaring Iverson exonerated and the complaint unfounded.

24. **Iverson's Pattern of Obstruction.** The Carlson incident shows Iverson's history of obstructing complaints, protecting deputies, and discouraging oversight. His supervisory practices created a culture of retaliation that directly informed the July 17, 2025 stop.

25. **Command Staff Acting as Prosecutors on August 25, 2025.** During Corrigan's **initial appearance in Lincoln County Circuit Court on August 25, 2025,** a Lieutenant of the Sheriff's Office — not the District Attorney or an Assistant District Attorney — introduced the citations, called Corrigan before the court, and acted as the prosecuting authority. These responsibilities are reserved for prosecutors, not sheriff's command staff.

26. **Due Process Implications.** The practice of command staff assuming prosecutorial functions is irregular, improper, and unconstitutional. It collapses the separation between law enforcement and prosecution, depriving Corrigan of fair process. By allowing its command staff to assume prosecutorial roles in open court, Lincoln County demonstrated an institutional policy of conflating executive and prosecutorial authority, in violation of the Fourteenth Amendment.

27. These practices, combined with fabricated citations, retaliatory flagging, and obstruction of oversight, demonstrate a municipal custom of constitutional violations under *Monell*.

---

## CLAIMS FOR RELIEF

### Count I – Fourth Amendment (1983)
Defendants engaged in two unlawful seizures. Courtesy or brevity does not cure unconstitutionality (*Betow; Griffith*). *Whren* cannot apply absent a violation. Video admissions prove stops were pretextual. Qualified immunity is unavailable.

### Count II – First Amendment Retaliation (1983)
Defendants retaliated against Corrigan for asserting rights by fabricating citations and placing a false officer-safety flag, chilling lawful activity.

### Count III – Fourteenth Amendment (1983)
Defendants selectively enforced laws, punished Corrigan for lawful accommodations, and allowed command staff to act as prosecutors during the August 25, 2025 initial appearance. This irregular practice deprived Corrigan of due process and reflects an unconstitutional policy.

### Count IV – Conspiracy (1985(3))
Irish and Monk conspired to re-stop Corrigan, invoking tint only after refusal of ID. Their coordinated plan, admitted on video, shows an agreement to deprive rights.

### Count V – Interference with Contracts (1981)
Defendants interfered with Corrigan's ability to fulfill investigative contracts by stigmatizing him and fabricating charges.

### Count VI – Monell Liability
Lincoln County maintained customs of suspicionless stops, fabricated flagging, deputies and lieutenants acting as prosecutors, fabrication of charges, and obstruction of complaints.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare Defendants' conduct unconstitutional;
2. Enter judgment against Defendants jointly and severally;
3. Award compensatory and punitive damages in an amount to be determined at trial;
4. Grant injunctive relief prohibiting Defendants from maintaining retaliatory officer-safety flags and from allowing command staff to act as prosecutors;
5. Award attorney's fees and costs under 42 U.S.C. § 1988; and
6. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

## SIGNATURES

**For Plaintiff Kyle P. Corrigan (individually, pro se):**

Kyle P. Corrigan
Chief Investigator – Bright Line Investigations LLC
1408 Strongs Ave., P.O. Box 656
Stevens Point, WI 54481
Phone: 888-407-7380

**For Plaintiff Bright Line Investigations LLC:**

Andrew Gile
Attorney – Gile & Co. Law
150 N. Ludington Street
Columbus, WI 53925